IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEVI STROUD<br>CHRISTINA MARIE WEIGNER | Magistrate's No. 20-1700 |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, STEPHEN L. WILBURN, being first duly sworn, hereby depose and state as follows:

1. I am employed as a Special Agent for the United States Department of Labor, Office of Inspector General, Office of Investigations, Labor Racketeering and Fraud (DOL-OIG). I have been employed as a Special Agent with DOL-OIG since April 2003. I am currently assigned to the Pittsburgh Field Office. As part of my duties as a DOL-OIG Special Agent, I investigate criminal violations relating to the various programs administered by the U.S. Department of Labor such as; unemployment programs, employment training programs, Employee Retirement Income Security Act, and labor racketeering. I am authorized to carry out the functions, powers, and duties as prescribed by the Inspector General Act of 1978, 5 U.S.C., App. 3, as amended, and as prescribed by other laws and delegations; and am authorized to execute warrants and make arrests for offenses against the United States. Prior to my employment with DOL-OIG, I was employed as a Special Agent with the U.S. Dept. of Housing and Urban Development, Office of Inspector General. My education consists of a Bachelor of Science degree in Accounting. I am also a graduate of the Federal Law Enforcement Training Center (FLETC).

2. This affidavit is submitted for the limited purpose of establishing probable cause to believe that LEVI STROUD and CHRISTINIE MARIE WEIGNER knowingly filed, or aided and abetted the filing, of a claim for Pandemic Unemployment Assistance benefits that contained

materially false, fictitious, and fraudulent statements, in violation of 18 U.S.C. §§ 1040(a)(2) and 2, and that LEVI STROUD and CHRISTINIE MARIE WEIGNER conspired to commit fraud in connection with a major disaster or emergency benefit, in violation of 18 U.S.C. § 371. Accordingly, it does not include every fact known to me in connection with this investigation.

## BACKGROUND

3. The United States government has been taking steps to slow the spread of the novel coronavirus (COVID-19) and to mitigate its impact on the public's health and economic well-being. To that end, on March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

4. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into law. The CARES Act created the Pandemic Unemployment Assistance (PUA) program, which provides unemployment benefits, in the form of money, to individuals not eligible for regular unemployment compensation or extended unemployment benefits. The PUA program is administered by the various states, including the Commonwealth of Pennsylvania, but its benefits are funded in large part by the federal government. PUA benefits are paid in connection with the President's declaration that the COVID-19 pandemic constitutes an emergency under the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

5. Section 2104 of the CARES Act also provides for an emergency increase in unemployment compensation benefits, referred to as Federal Pandemic Unemployment Compensation (FPUC). FPUC provides eligible individuals with $600 per week in addition to the weekly benefit amount they receive from certain other unemployment compensation programs, to include PUA.

6.      Individuals are only eligible for PUA benefits if they are both unemployed for reasons related to the COVID-19 pandemic and available to work.  In order to receive benefits, an individual must file a claim including his or her name, social security number, and address, as well as answer the eligibility questions.  Individuals who are serving a sentence of incarceration, or who are detained pending a criminal trial, are neither available for work nor unemployed for reasons related to the COVID-19 pandemic.  As a result, they are not eligible to receive Pandemic Unemployment Assistance benefits for the period of their incarceration.

7.      According to the Department of Labor, an applicant must access the PUA website to file a PUA claim (https://pua.benefits.uc.gov). Once an applicant is at the website, the individual is required to enter personally identifiable information like; name, date of birth, social security number, email, phone number, and a physical address. An applicant is then required to answer a series of questions to determine their eligibility and payment amount. Upon completion, the application is submitted to the Pennsylvania Department of Labor for review. If approved, a check, EFT, debit card, and subsequent payments will be mailed to the applicants' on-file address. Additionally, approved applicants receive a unique PIN associated with their claim.

8.      Using his or her PIN, the PUA applicant must access the PUA Portal to complete a weekly certification for each week their unemployment status is affected. Payments for PUA are based on a seven day period from Sunday through Saturday. A weekly benefit claim certifies that for the seven day certification period, the applicant: was ready, willing and able to work each day, was seeking full time employment as required, did not refuse any job offers or referrals, and had reported any employment during the week and the gross pay or other payments received. A weekly certification should be completed in a timely manner. A delay in the weekly certification may result in a delay or denial of payment.

9. The Pandemic Unemployment Assistance Portal requires the applicant's acknowledgement to the following statement regarding truthful reporting:

> Answer all the questions truthfully. Your answers become part of the record of your claim. You must report all earnings for the weeks in which you work – even if you have not been paid yet. Any information you provide may be verified through crossmatching programs. If you fail to report wages or otherwise lie about your eligibility, you should expect to get caught. Providing incorrect information, or information on someone other than yourself may be considered fraud. False statements are punishable pursuant to 18 Pa. C.S. 4904, relating to unsworn falsification to authorities. A person who knowingly makes a false statement or knowingly withholds information to obtain UC benefits commits a criminal offense under Section 801 of the Law, 43 P.S. 871, and may be subject to a fine, imprisonment, restitution, garnishment of federal tax refunds and loss of future benefits. By filing this claim the applicant acknowledges they have read the PUA Handbook, which includes information about your civil rights under federal law, and that the applicant is responsible to abide by the information and instructions in the handbooks.

10. Knowingly making a materially false, fictitious, or fraudulent statement or representation in connection with an application for Pandemic Unemployment Assistance or Federal Pandemic Unemployment Compensation benefits violates Title 18, United States Code, Section 1040(a)(2), which prohibits Fraud in Connection with Emergency Benefits.

## **PROBABLE CAUSE**

11. On June 18, 2020, the Pennsylvania Department of Corrections (PADOC) requested the Affiant's assistance with an alleged fraudulent Pandemic Unemployment Assistance claim (PUA) filed in the name of an inmate of Pennsylvania State Correctional Institution (SCI) Greene, located at 175 Progress Drive, Waynesburg, PA 15370. Levi STROUD, inmate# NF7791, has been incarcerated since approximately January 22, 2018. Inmate STROUD's SCI Greene file and PUA Claim record indicates his address of record is 389 Steubenville Pike, Burgettstown, PA 15021, which is located within the Western District of Pennsylvania. This is also the address used on Christina Marie WEIGNER's PUA application.

12.     On June 15, 2020, STROUD signed a written statement admitting to SCI Greene Lieutenant Eric Stickles that he had WEIGNER file a PUA claim in his name, "knowing [he] wasn't supposed to try this scam." In his written statement, STROUD recounted learning about an unemployment benefits scam, informing WEIGNER of same during a phone call, and WEIGNER informing him thereafter that he was approved. Additionally, STROUD wrote "[WEIGNER] said the starting balance on the card was $9,200. I told her to put $200.00 to $300.00 on my account[1] every 3 days. She was scared so I told her once a week, and to keep $5,000.00 on the card for me when I come home."

13.     On June 23, 2020, WEIGNER was interviewed by the Affiant and Investigator Cuiffi. WEIGNER also admitted to filing the fraudulent PUA claim on STROUD's behalf. WEIGNER provided that she returned at least two checks to the PA Treasury and provided the Affiant and Investigator Cuiffi with an envelope containing a debit card addressed to Levi STROUD.

14.     According to WEIGNER, she utilized her cellular telephone to file the PUA claim. In completing the PUA claim application, WEIGNER made the following material false, fictitious, or fraudulent statements or representations when completing the PUA applications:

   a. WEIGNER represented she was LEVI STROUD.

   b. WEIGNER reported STROUD's current address to be 389 Steubenville Pike, Burgettstown, PA 15021, when in fact it is 175 Progress Drive, Waynesburg, PA 15370, SCI Greene;

   c. Regarding STROUD's employment status, WEIGNER answered "YES" to the PUA application question, "If offered a job, are you able and available to accept it?" when in fact STROUD was incarcerated at SCI Greene and was therefore unable to accept work;

---

[1] Based upon his training and experience, Your Affiant believes that the inmate is referencing his commissary account.

    d. WEIGNER answered "YES" to the PUA application question, "Are you unemployed as a direct result of a pandemic or major disaster?" when in fact STROUD was incarcerated at SCI Greene and unemployed due to his criminal conduct.

    e. WEIGNER falsely certified on STROUD'S behalf; that the claimant understood the certifications were being made under penalty of perjury and intentional misrepresentation, that all information submitted is true and correct;

15. WEIGNER knew that these statements or representations were a material fraud or falsehood. During a PADOC, Secure Call Platform (SECURUS) telephone recording, dated June 11, 2020, at 13:40:30, inmate STROUD called WEIGNER. During the conversation, WEIGNER informed STROUD she received $8,555 in unemployment benefits. WEIGNER then stated to STROUD, "Listen, I applied for you…" WEIGNER responded, "Your determination is already made, and they'll do the same for you. They'll back up to February and the Stimulus will go back to April." STROUD replied, "Well you can load it on my fuckin books you know that." In response, WEIGNER stated, "Listen, I am going to max your books." WEIGNER and STROUD then continue to discuss the process and how to get the money to STROUD.

16. Later in the same conversation WEIGNER stated, "When you file, it says were you available for work?" STROUD then stated, "I am available for work, I work right now." WEIGNER replied, "Yeah that's true." STROUD responded, "What if you said no?" WEIGNER replied, "Then you, if you say no, it clicks a button that says you are not eligible. A screen comes up that says, please be sure if you want to click yes or no as it will cause an ineligibility." STROUD asked WEIGNER if she did a PUA claim in her name, and WEIGNER replied, "No, mines in my name. No it's you, it's your social." STROUD then stated, "Then just fuckin do it." WEIGNER stated, "alright I am going to do it."

17. WEIGNER completed 18 weekly certifications on June 11, 2020, the date of STROUD'S PUA application. These weekly certifications covered the weeks ending February 8,

2020, through June 6, 2020. One final weekly certification was completed on June 14, 2020 for the week ending June 13, 2020. WEIGNER certified with each weekly certification completed that STROUD remained unemployed, due to the Pandemic, and was available for employment. Thus, each of these weekly certifications contained false statements or representations.

18. During a SECURUS call dated June 12, 2020, recording at 12:59:27, WEIGNER advised STROUD that he is to receive $9,200. They then discuss what to do with the funds and where to put the money. WEIGNER stated, "I don't want to leave anything on the card." STROUD replied, "I don't want anybody to touch it in case I have to pay it back." WEIGNER responded, "All I am worried about is, having to continue filing each week." Subsequently, WEIGNER explained to STROUD that she has to certify each week. Additionally, STROUD wanted to put all the money on his prison account, but WEIGNER discouraged it.

19. On June 12, 2020, and June 15, 2020, amounts of $8,550 and $715 were approved, respectively, for payment via debit card. Therefore, the aforementioned statements or representations were made in connection with a benefit, that is, money provided by the United States that was authorized, transported, transmitted, transferred, disbursed, or paid – as addressed in the background paragraphs.

20. These benefits were paid in connection with a major emergency declaration under 42 U.S.C. § 5191 – as addressed in the background paragraphs.

21. According to WEIGNER, she received two PUA or FPUC checks in the mail. She returned both to the PA Treasury on June 16, 2020, per a U.S. Postal certified mail receipt. WEIGNER also provided the Affiant with an envelope addressed to STROUD, which is believed to contain a PUA/FPUC debit card. Thus, the benefit was transported in the mail at any point in the authorization, transportation, transmission, transfer, disbursement, or payment of that benefit.

**CONCLUSION**

22. Based on the information above, your Affiant submits that there is probable cause to believe that, on June 11, 2020, in the Western District of Pennsylvania, LEVI STROUD and CHRISTINA MARIE WEIGNER knowingly filed, or aided and abetted the filing, of a claim for Pandemic Unemployment Assistance and Federal Pandemic Unemployment Compensation benefits that contained false, fictitious, and fraudulent statements or representations, in violation of 18 U.S.C. §§ 1040(a)(2) and 2, and that, on or about June 11, 2020, and continuing thereafter until on or about June 23, 2020, in the Western District of Pennsylvania, LEVI STROUD and CHRISTINIE MARIE WEIGNER conspired to commit fraud in connection with a major disaster or emergency benefit, in violation of 18 U.S.C. § 371.

The above information is true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

*/s/ Stephen L. Wilburn*
STEPHEN L. WILBURN
SPECIAL AGENT
U.S. DEPARTMENT OF LABOR, OFFICE
OF INSPECTOR GENERAL, OFFICE OF
INVESTIGATIONS, LABOR
RACKETEERING AND FRAUD

Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A)
this 20th day of August, 2020.

*Cynthia R. Eddy*
HONORABLE CYNTHIA REED EDDY
Chief, United States Magistrate Judge

8